IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RUSSELL WAYNE PALMER, | ) | CIV. NO. 16-00020 DKW/RLP |
| | ) | |
| Plaintiff, | ) | DISMISSAL ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM STEPHENS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **DISMISSAL ORDER**

Before the court is pro se Plaintiff Russell Wayne Palmer's "Notice of Intent to Seek Criminal Complaint and Show Cause Presenting Multi-District Litigation," "Motion for Relief From Judgment Through Independent Action Pursuant to Fed. R. Civ. Proc., Rule 60(d)," "Motion in Objection to Change of Venue," and application to proceed in forma pauperis ("IFP"). Doc. Nos. 1-4. Palmer is incarcerated at the James Lynaugh Unit of the Texas Department of Corrections ("TDC"), located in Fort Stockton, Texas. Although Palmer names TDC Director William Stephens as the only Defendant to this suit, he apparently seeks review of a decision by the Honorable Robert A. Junell, District Judge for the Western District of Texas, Pecos Division. Judge Junell denied Palmer's petition for writ of

habeas corpus brought pursuant to 28 U.S.C. § 2254.  *See Palmer v. Stephens*, 4:15-cv-00019-RAJ (W.D. Tex. Aug. 20, 2015).

The court construes Palmer's "Notice of Intent to Seek Criminal Complaint and Show Cause Presenting Multi-District Litigation," and "Motion for Relief From Judgment Through Independent Action Pursuant to Fed. R. Civ. Proc., Rule 60(d)," collectively as a prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983.  For the following reasons, Palmer's Complaint is DISMISSED without leave to amend.  Palmer's preemptive "Objection to Change of Venue" and his IFP application are DENIED.

## I.  BACKGROUND

Palmer has not submitted a formal complaint on court approved prisoner forms setting forth this court's jurisdiction and venue over his claims.  Moreover, his pleadings provide no statement of facts that clearly identify the basis for his claims or their connection to the District of Hawaii.  Rather, Palmer's pleadings are a largely incoherent string of citations to federal statutes and caselaw and vague allegations that he and others have been denied justice.  The only conclusion the court can discern from his filings is that Palmer is challenging the August 20, 2015 decision denying his habeas corpus petition in *Palmer v. Stephens*, 4:15-cv-00019-RAJ.  Palmer alleges that decision is void under Federal Rule of Civil Procedure

60(b)(4). *See* Mot., Doc. No. 2, PageID #10. Palmer apparently believes that Rule 60(d) allows this court to review the judgment of a different district court as an independent action and grant him relief from that judgment.

Palmer references another case, "*David Lightfoot Hernandez v. Stuart Jenkins*, filed October 21, 2015," and claims that Hernandez's petition for writ of certiorari will support Palmer's intent to seek a criminal, multi-district complaint in the District of Hawaii against Judge Junell.[1] *See id.*, PageID #12; Doc. No. 1, PageID #3. Hernandez is also an inmate at the Lynaugh Unit, and he and Palmer were co-plaintiffs in *Hernandez, et al. v. Texas*, 1:14-cv-00769-SS (W.D. Tex., Austin Div. Aug. 15, 2014). Plaintiff was severed from that action, and Hernandez then voluntarily dismissed the case. *See id.*, Doc. Nos. 2, 8, 11.

Palmer also refers to another action in this court, *Roberts et al. v. State of Texas, et al.*, 1:16-00013 HG/KSC (D. Haw. Jan. 13, 2016), alleging that these cases "are connected by similar argument and request for relief." Doc. No. 1, PageID #3. The thrust of Palmer's pleadings when taken together and viewed in

---

[1]Hernandez has filed at least fifteen actions in the Western District of Texas, but none were filed on October 21, 2015. *See* PACER Case Locator, http://pacer.psc.uscourts.gov. Hernandez was the petitioner in *Hernandez v. Jenkins*, 4:15-cv-00039-RAJ, a habeas petition that was transferred to the Fifth Circuit as second or successive and then *dismissed* on October 19, 2015. No petition for certiorari was sought in that action, however.

light of the cases he cites, is that he seeks to appeal a decision from the Western

District of Texas and to hold Judge Junell and others criminally liable for

unidentified wrongs committed against him and others who have allegedly been

denied justice.

## II.  LEGAL STANDARD

The court must screen all civil actions brought by prisoners relating to prison

conditions or seeking redress from a governmental entity, officer, or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  Complaints or claims must be

dismissed if they are frivolous, malicious, fail to state a claim on which relief may

be granted, or seek relief from a defendant who is immune from such relief.  28

U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint that lacks a cognizable legal theory or alleges insufficient facts

under a cognizable legal theory fails to state a claim.  *Balistreri v. Pacifica Police

Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain

a "short and plain statement of the claim showing that the pleader is entitled to

relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8 does not demand detailed factual

allegations, but requires "more than an unadorned, the-defendant-

unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

4

claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). When it is clear the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

## A.    Jurisdiction

Palmer seeks a ruling overturning the denial of his petition for writ of habeas corpus in *Palmer v. Stephens*, 4:15-cv-00019 RAJ.  *See id.*, Doc. No. 19 (adopting report and recommendation to deny petition).   Under 28 U.S.C. § 1291, only the federal courts of appeals "shall have jurisdiction of appeals from all final decisions of the districts courts of the United States . . . except where a direct review may be had in the Supreme Court."  This court has no jurisdiction to review or overturn a decision from the Western District of Texas.  If Palmer seeks to appeal the denial of his habeas petition, he must address that appeal to the Fifth Circuit Court of Appeals.  The record in *Palmer v. Stephens*, 4:15-cv-00019 RAJ shows that he has not.

## B.    Venue

To the extent that Palmer is attempting to adjudicate an independent case in this court, he fails to sufficiently allege that venue arises in the District of Hawaii. When jurisdiction is not founded solely on diversity, such as civil rights actions brought under § 1983, venue is proper in the district in which:

> (1) any defendant resides, if all of the defendants reside in the same
> state; (2) a substantial part of the events or omissions giving rise to the
> claim occurred, or a substantial part of property that is the subject of
> the action is situated; or (3) any defendant may be found, if there is no
> district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); *see also Ziegler v. Indian River Cnty.*, 64 F.3d 470 (9th Cir. 1995); *Lee v. Corr. Corp. of America*, 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007). The district court may raise improper venue sua sponte when the defendant has not yet filed a responsive pleading and the time for doing so has not run, as long as the parties are first given an opportunity to present their views on the issue. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *Smith v. United States Postal Serv.*, 2014 WL 2115154, at *2 (D. Haw. May 21, 2014).

Palmer, Judge Junell, and TDC Director Stephens appear to be citizens of the state of Texas. Any cognizable claims that Palmer may have against Director Stephens or Judge Junell necessarily arise out of incidents or omissions that occurred in Texas. Thus, venue for Palmer's claims, if he in fact alleges any cognizable claims, lies in Texas. *See* 28 U.S.C. § 1391(b). Plaintiff's "Objection to Change of Venue" is rejected.

## C.    Failure to State a Claim

Plaintiff seeks review as an "independent action" under Fed. R. Civ. P. 60(b)(4) and (d). Independent actions under Rule 60(d)(1) are "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46 (1998). And, demonstrating fraud on the court

under Rule 60(d)(3) requires more than simply alleging fraud, misrepresentation or misconduct by an opposing party; it is available only if plaintiff shows fraud that "defiles the court or is perpetrated by officers of the court." *United States v. Chapman*, 642 F.3d 1236, 1240 (9th Cir. 2011). The fraud must rise "to the level of an unconscionable plan or scheme which is designed to improperly influence the court in its decision," *id.*; and plaintiffs must provide "clear and convincing evidence," *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1104 (9th Cir. 2006). Even if this court had jurisdiction and venue was proper, Palmer's vague allegations do not come close to rising to this level.

Rule 8 demands, at a minimum, a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint's factual allegations need not be overly detailed, they must be more than an "unadorned, the-defendant-unlawfully-harmed-me- accusation." *Iqbal*, 556 U.S. at 678. Palmer's pleadings are devoid of any facts that, liberally construed, "state a claim to relief that is plausible on its face," and his Complaint is DISMISSED. *Twombly*, 550 U.S. at 570. Amendment cannot cure the defects in Palmer's pleadings, and this dismissal is WITH PREJUDICE.

**D.      28 U.S.C. § 1915(g)**

This dismissal shall count as a "strike" under the "3-strikes" provision of 28

U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil

action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical
> injury.

28 U.S.C. § 1915(g).

# IV.  CONCLUSION

IT IS HEREBY ORDERED that:

(1)      The Complaint and action are DISMISSED without leave to amend

for lack of jurisdiction, improper venue, and failure to state a claim.

(2)      Plaintiff's in forma pauperis application is DENIED.

(3)      Plaintiff's Motions and Objections are DENIED.

//              //


//              //

(4)     The Clerk is DIRECTED to terminate this action.

IT IS SO ORDERED.

DATED: January 28, 2016 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

_____

*Russell Wayne Palmer v. William Stephens;* Civil No. 16-00020 DKW/RLP;
**DISMISSAL ORDER**

*Palmer v. Stephens,* 1:16-cv-00020 DKW/RLP; scrng 2016/Palmer 16-20 (no juris no venue)